UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH FORMAN,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER KATHY URENA #06682, "JOHN DOE ONE through FIVE," police officers of the City of New York, the identities and numbers of whom are presently unknown to plaintiff, persons intended being the police officers and/or supervisors who participated in the arrest, detention and prosecution of plaintiff,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 3475 (SAS)

JURY TRIAL DEMANDED

Defendants City of New York and Kathy Martinez[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Sued herein as "Kathy Urena."

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintains a police department.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that Kathy Martinez is employed by the City of New York as a police officer.

9.  Paragraph "9" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, requires no response.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about August 28, 2007.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Den y knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Den y the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Den y the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Den y the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Den y the allegations set forth in paragraph "20" of the complaint.

21. Den y the allegations set forth in paragraph "21" of the complaint.

22. Den y the allegations set forth in paragraph "22" of the complaint.

23. Den y the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that the charges against plaintiff were dismissed on or about August 7, 2007.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, including all subparts therein.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. In response to paragraph "30" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff purports to proceed as stated therein.

33. In response to paragraph "33" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "32" as though fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to proceed as stated therein.

36. In response to paragraph "36" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "35" as though fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to proceed as stated therein.

39. In response to paragraph "39" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "38" as though fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that plaintiff purports to proceed as stated therein.

42. In response to paragraph "42" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "41" as though fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff purports to proceed as stated therein.

45. In response to paragraph "45" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "44" as though fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff purports to proceed as stated therein.

49. In response to paragraph "49" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "48" as though fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Plaintiff's claims may be barred in part by the applicable doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

67. Defendant Kathy Martinez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Kathy Martinez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         June 13, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants
                    100 Church Street, Room 3-208
                    New York, New York 10007
                    (212) 788-1895

             By:    _____
                    Jessica T. Cohen (JC 0044)
                    Assistant Corporation Counsel

To:   Michael Scolnick, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 08 CV 3475 (SAS)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| KENNETH FORMAN,<br><br>         Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER KATHY URENA #06682, "JOHN DOE ONE through FIVE," police officers of the City of New York, the identities and numbers of whom are presently unknown to plaintiff, persons intended being the police officers and/or supervisors who participated in the arrest, detention and prosecution of plaintiff,<br><br>         Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Jessica T. Cohen*<br>*Tel: (212) 788-1895*<br>*NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y. ........................................ ,2008*<br><br>*................................................................ Esq.*<br><br>*Attorney for ......................................................* |